NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENRIQUE SALINAS SANCHEZ, | No. 19-56050 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-01901-R-DFM |
| v. | |
| KIMBERLY A. SEIBEL, Warden; ORRY MARCIANO, Physician Assistant at CVSP, C-Yard, in his individual and official capacities, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| HOWARD TUNG, Surgeon at Tri-City Medical Center, in his individual capacity; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted December 2, 2020**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

California state prisoner Enrique Salinas Sanchez appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's judgment on the pleadings. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Sanchez's deliberate indifference claim was proper because Sanchez failed to allege facts sufficient to state a plausible claim. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (pleading requirements for establishing supervisory liability); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

Because Sanchez did not object to the magistrate judge's report and recommendation, he waived his right to challenge the district court's factual

findings concerning exhaustion of his deliberate indifference and excessive force claims arising from Adams's and Covarrubias's transportation of Sanchez from the hospital to the prison. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (holding that failure to object to a magistrate judge's recommendation waives all objections to the magistrate judge's findings of fact, but does not ordinarily waive objections to purely legal conclusions). The district court properly granted summary judgment on these claims because Sanchez failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (the PLRA requires "proper exhaustion ... which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought" (citation and internal quotation marks omitted)).

We reject as unsupported by the record Sanchez's contentions that the district court was biased or erred by simultaneously considering a motion to dismiss and motion for summary judgment.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-56050